UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff<br><br>vs.<br><br>BILLY FRANK BURCHELL,<br><br>      Defendant | 4:21-cr-40025<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant's Motion to Dismiss the Indictment (Doc. 28), which the Government resists (Doc. 31). Defendant has been charged with violating 18 U.S.C. § 2250(a) (Doc. 1). The Government alleges Defendant failed to register as a sex offender based on a prior state conviction and traveled in interstate commerce. For the reasons stated herein, the Defendant's Motion to Dismiss is granted.

**Background**

In 1990, Defendant was convicted in the State of Texas for violating Texas Penal Code Ann. § 22.011, prohibiting sexual assault. Defendant pleaded guilty to

Count II of the Indictment, alleging Sexual Assault in the Second Degree, after a jury failed to reach a verdict. (Doc. 29, Ex C). He was sentenced to a prison term and was required to register as a sex offender. (Id.) The defense claims that Defendant is a Tier I sex offender, and the 15-year term for which he was required to register has expired. The Government alleges that Defendant is a Tier III sex offender who is required to register for life in connection with interstate travel, and that Defendant failed to do so. The problem before the Court is to determine the appropriate Tier for Defendant's offense of conviction and thereby determine whether his failure to register could qualify as an offense under 18 U.S.C. § 2250(a).

## Legal Analysis

### 1. Pretrial resolution

At the outset, the Court must address whether the issue presented is one for the jury or for the Court to resolve. Federal Rule of Criminal Procedure 12(b)(1) authorizes a party to "raise by pretrial motion any defense, objection, or request that the court can determine without trial on the merits." As a general matter, the Court does not look further than the indictment itself to determine its sufficiency. *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991). Where, as here, the Defendant's Motion to Dismiss raises a legal question, however, it is appropriate for the Court to resolve it in advance of trial. Accord,

*United States v. Church*, 461 F. Supp. 3d 875, 881 (S.D. Iowa 2020); *United States v. Grant,* 2018 WL 4516008 (N.D. Ga. 2018). See also *United States v. Laney*, 2021 WL 1821188 (N.D. Iowa 2021) *report and recommendation adopted*, 2021 WL 2373845 (N.D. Iowa, March 26, 2021). In a different context, *United States v. Marrowbone*, 2014 WL 6694781 (D. S.D. 2014), explained that the rationale for the Court to address such issues pretrial is threefold: the difficulty for a jury in resolving this type of legal question; fairness to the defendant; and wise use of judicial resources. *Id.* at *2.

The parties agree (Doc. 29 and 31) that this case poses a legal question proper for determination by the Court, and not by the jury. The Court agrees.

## 2. Pertinent authority

The Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20911-20932, sets forth a comprehensive system for registration by convicted sex offenders, as follows:

> The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and—
>> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
>>> (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of title 18); or
>>> (ii) abusive sexual contact (as described in section 2244 of title 18) against a minor who has not attained the age of 13 years;

> (B) involves kidnapping of a minor (unless committed by a parent or
> guardian); or
>  occurs after the offender becomes a tier II sex offender.

34 U.S.C. § 20911(4).

The statute further defines a Tier II offender as someone who has committed

an offense involving a minor, which is not relevant here. 34 U.S.C. § 20911(3). A

Tier I offender is one who does not qualify as either a Tier II or Tier III offender.

34 U.S.C. § 20911(2).

SORNA sets forth the periods of time during which an individual must

register as a sex offender as follows:

> (a) Full registration period
>     A sex offender shall keep the registration current for the full
> registration period (excluding any time the sex offender is in custody or
> civilly committed) unless the offender is allowed a reduction under
> subsection (b). The full registration period is--
>     (1) 15 years, if the offender is a tier I sex offender;
>     (2) 25 years, if the offender is a tier II sex offender; and
>     (3) the life of the offender, if the offender is a tier III sex offender.

34 U.S.C. § 20915(a).

In addition to requiring registration by sex offenders, SORNA links to the

federal criminal code to impose criminal responsibility on offenders who fail to

comply.  18 U.S.C. § 2250(a) provides as follows:

> Whoever –
> (1) is required to register under the Sex Offender Registration and

Notification Act;

(2)

    (A) is a sex offender as defined for the purposes of the Sex Offender
Registration and Notification Act by reason of conviction under
Federal law (including the Uniform Code of Military Justice), the law
of the District of Columbia, Indian tribal law, or the law of any
territory or possession of the United States; or
    (B) travels in interstate or foreign commerce, or enters or leaves, or
resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex
Offender Registration and Notification Act;

Shall be fined under this title or imprisoned not more than 10 years, or both.

To determine whether and at what level an individual qualifies as a sex

offender, the Court must examine applicable sections of the federal criminal code,

as well as the applicable state code. As provided in SORNA's definition of a Tier

III offender, 34 U.S.C. § 20911(4), the pertinent provisions of the United States

Code which must be compared with the state code are 18 U.S.C. §§ 2241 and

2242, which read as follows:

18 U.S.C. § 2241. Aggravated sexual abuse

(a) By force or threat.--Whoever, in the special maritime and territorial
jurisdiction of the United States or in a Federal prison, or in any prison,
institution, or facility in which persons are held in custody by direction of or
pursuant to a contract or agreement with the head of any Federal department
or agency, knowingly causes another person to engage in a sexual act--

    (1) by using force against that other person; or
    (2) by threatening or placing that other person in fear that any person
will be subjected to death, serious bodily injury, or kidnapping;
or attempts to do so, shall be fined under this title, imprisoned for any
term of years or life, or both.

(b) By other means.--Whoever, in the special maritime and territorial

jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly--

> (1) renders another person unconscious and thereby engages in a sexual act with that other person; or
>
> (2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby--
>> (A) substantially impairs the ability of that other person to appraise or control conduct; and
>>
>> (B) engages in a sexual act with that other person;
>> or attempts to do so,

shall be fined under this title, imprisoned for any term of years or life, or both.


18 U.S.C. § 2242. Sexual abuse

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly--

> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or
>
> (2) engages in a sexual act with another person if that other person is--
>> (A) incapable of appraising the nature of the conduct; or
>>
>> (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;
>> or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.


The task for the Court is to examine these statutes and compare them to the Texas sexual assault statute in effect at the time of Defendant's conviction. At the time, the Texas statute read as follows:

Texas Penal Code Ann. § 22.011

(a) A person commits an offense if the person:
   (1) intentionally or knowingly:
      (A)causes the penetration of the anus or female sexual organ of another person who is not the spouse of the actor by any means, without that person's consent;
      (B) causes the penetration of the mouth of another person who is not the spouse of the actor by the sexual organ of the actor, without that person's consent; or
      (C) causes the sexual organ of another person who is not the spouse of the actor, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor[.]

The term "without the consent of the other person" was defined in § 22.011(b)

and meant:

   (1) the actor compels the other person to submit or participate by the use of physical force or violence;
   (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat;
   (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;
   (4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it;
   (5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;
   (6) the actor knows that the other person submits or participates because of the erroneous belief that the actor is the other person's spouse;
   (7) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge; or
   (8) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat.

Texas Penal Code Ann. § 22.011 (1990).

### 3. Procedure for assessing whether the Texas statute is comparable to or more severe than §§ 2241 and 2242

Although the Eighth Circuit has not held that a categorial, rather than fact-specific, approach should be used in assessing whether the federal and state statutes are comparable in a case of this type, *United States v. Mulverhill*, 833 F.3d 925 (8th Cir. 2016), the Court has indicated that the categorical approach is the appropriate method. *United States v. Hall*, 722 F. App'x 375 (8th Cir. 2019) (unpublished). District courts in the Eighth Circuit have followed the weight of authority from other circuits and have employed the categorical approach. See, e.g., *United States v. Laney*, 2021 WL 1821188 (N.D. Iowa 2021); *United States v. Church*, 461 F. Supp. 3d 875, 883 (S.D. Iowa 2020). Decisions from several Courts of Appeal authorize the categorical approach. See, e.g. *United States v. Montgomery*, 966 F.3d 335 (5th Cir. 2020); *United States v. Escalante*, 933 F.3d 395 (5th Cir. 2019); *United States v. Barcus*, 892 F.3d 228 (6th Cir. 2018); *United States v. White*, 782 F.3d 1118, 1130 (10th Cir. 2015).

The rationale for choosing the categorical approach, as opposed to a fact-specific approach, is grounded in the pertinent statutory language. As the court explained in *United States v. Laney*, courts draw a distinction between legislative enactments that use the term "conduct" as opposed to the term "offense" or

8

"elements." 2021 WL 1821188, *2. The latter two terms indicate to courts that a categorical interpretation is intended, whereas use of the term "conduct" implicates a fact-specific approach. *Id.* (citing report and recommendation, 2021 WL 2373845, *10). See also *White*, 782 F.3d at 1132-33 (use of the term "offense" indicates a categorical analysis should be employed). The section of the SORNA statute pertinent to the case at bar employs the term "offense." 34 U.S.C. § 20911(5)(A). The applicable sections of the federal code, §§ 2241 and 2242, describe elements rather than conduct. 18 U.S.C. §§ 2241 and 2242. The Texas statute at issue, Texas Penal Code Ann. § 22.011(a), uses the term "offense."

The parties have argued that the Court should employ a categorical analysis in this case (Doc. 29 and 31). The Court has considered the arguments of the parties and the reasoning in the cases cited herein and adopts the categorical method for analysis of the statutes at issue.

The Supreme Court has addressed use of the categorical approach to statutory analysis in several contexts, including in interpreting the Armed Career Criminal Act's enhancements to sentences for prior "violent felonies." In *Mathis v. United States*, the Court explained that the "categorical approach" to assessing prior offenses requires that the Court "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the prior offense] while

9

ignoring the particular facts of the case." ___U.S. ___, 136 S.Ct. 2243, 2248, 195 L. Ed.2d 604 (2016).

In *United States v. Ballantyne*, the district court provided a brief summary of the steps involved in using the categorical approach in the context of an indictment for a violation of 18 U.S.C. § 2250(a) as follows:

> Under the categorical approach, the Court compares the statutory definition of the prior offense with the elements of the federal offense the government contends is "comparable" to the prior offense…. The prior offense is "comparable" to the federal offense if it is defined  more narrowly than, or has the same elements as, the federal offense….The prior offense is not "comparable" to the federal offense if the statute defining the prior offense "sweeps more broadly" than the federal offense…. The Court may not consider the facts giving rise to the prior offense, even if the facts show the defendant's conduct satisfies the federal elements. A comparison of the elements is the only relevant inquiry. [citations omitted]

*Ballantyne*, 2019 WL 3891252, *2 (D. Mont. 2019).

As the court pointed out in *Church,* the defendant's offense of conviction does not have to be identical to the provisions in 18 U.S.C. §§ 2241 and 2242, allowing for some flexibility in analysis. 461 F. Supp.3d at 883 (cleaned up).  The prior offense must be comparable to or more severe than the federal provisions, however, 34 U.S.C. § 20911(4), and the categorical analysis is not employed less stringently in the SORNA context than in other contexts. *Laney*, 2021 WL 1821188, at *21 (citing report and recommendation at *10).

### 4. Comparison of 18 U.S.C. §§ 2241 and 2242 with the pertinent Texas statutes

The parties agree that the Texas statute at issue contains two elements: 1--sexual penetration, 2—without consent. (Doc. 29, 31). These elements appear in Tex. Penal Code Ann. § 22.011(a) followed by a list in § 22.011(b) of circumstances evidencing lack of consent.

Most of the elements of Tex. Penal Code Ann. § 22.011 are comparable to those in 18 U.S.C. §§ 2241 and 2242. In making the comparison, it is helpful to examine whether the state statute includes "force, threats, coercion, or incapacitation," because those are elements in the federal statutes set forth for comparison. *Church*, 461 F. Supp. 3d at 893. Thus, it appears that Tex. Penal Code Ann. §§ 22.011(b)(1)-(4), and (b)(7)-(8) do include an element of force or violence comparable, if not identical, to the federal code provisions. To illustrate, 18 U.S.C. § 2241(a)(1) proscribes a sexual act by use of force, while Tex. Penal Code Ann. § 22.011(b)(1) proscribes the use of force or violence. *Compare* Tex. Penal Code Ann. § 22.011(b)(1) *with* 18 U.S.C. § 2241(a)(1). Further, 18 U.S.C. § 2241(a)(2) proscribes use of threats of death, serious bodily injury or kidnapping of the victim or another, along with § 2242(1)'s proscription of use of threats to inflict lesser harm, while Tex. Penal Code Ann. §§ 22.011(b)(2) and (b)(8) proscribe threats of force or violence with present ability to inflict harm on the victim or another. *Compare* Tex. Penal Code Ann. §§ 22.011(b)(2) *and* (b)(8) *with* 18 U.S.C.

§§ 2241(a)(1) *and* 2242(1). Incapacity of the victim is addressed in similar fashion by 18 U.S.C. §§ 2241(b)(1) and (b)(2) and by §§ 2242(2)(A) and (B), as compared to Tex. Penal Code Ann. §§ 22.011(b)(3), (b)(4), and (b)(7). *Compare* Tex. Penal Code §§ 22.011(b)(3), (b)(4), *and* (b)(7) *with* 18 U.S.C. §§ 2241(b)(1), (b)(2) *and* §§ 2242(2)(A) *and* (B).

Not all of the provisions of the Texas statute are comparable to the federal provisions, however. The Texas statute provides at § 22.011(b)(6) that an individual "knows the other person submits or participates because of the erroneous belief that the actor is the other person's spouse." Tex. Penal Code Ann. § 22.011(b)(6). This section does not include an element of violence and has no analogue in 18 U.S.C. §§ 2241 or 2242. An example would be the case of bigamy, where the defendant has consensual sex with the second "wife" who is unaware of her purported husband's other spouse. This would violate the Texas statute but not either 18 U.S.C. § 2241 or § 2242. *Compare* Tex. Penal Code Ann. § 22.011(b)(6) *with* 18 U.S.C. §§ 2241 *and* 2242. In a similar situation requiring comparison of the Nebraska sexual assault statute with the federal provisions, the Iowa district court cited Neb. Rev. Stat. § 28-318(8)(a)(iv) (Reissue 1995) which defined "without consent," in part, as follows: " the consent, if any was actually given, was the result of the actor's deception as to the identity of the actor or the nature or purpose of the act on the part of the actor." *Church*, 461 F.Supp.3d at 884. The

court ruled the Nebraska statute was not narrower than or comparable to the federal statutes because deception is not included in the federal provisions. *Id.* Based on this and another dissimilarity the court granted the Motion to Dismiss. *Id.* at 894. Likewise, in the case before the Court, the state statute has a provision at § 22.011(b)(6) which does not appear in any form in 18 U.S.C. §§ 2241 or 2242, and therefore the elements of the statutes are not comparable.

A second provision of the Texas statute which is not comparable to the pertinent federal provisions is Tex. Penal Code Ann. § 22.011(b)(5) which provides "the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring." An example of the application of § 22.011(b)(5) is where the actor has sex with a person who is not incapacitated but is sleeping and does not awaken. Lacking force, coercion, or threat means the federal statutes would not criminalize the conduct, 18 U.S.C. §§ 2241 and 2242, but Texas would do so. Also, it is unclear whether the consent must be given at the time or could have been given in advance. A similar situation was before the Ninth Circuit in addressing whether the Oregon sexual assault statute was narrower than or comparable to the federal provisions set forth for comparison. *United States v. Cabrera-Gutierrez*, 756 F.3d 1125 (9th Cir. 2014). In holding they were not comparable because the state statute "sweeps more broadly," *id.*, at 1134, the court commented as follows:

13

> By contrast, the generic federal crime of sexual abuse requires that a defendant cause another to engage in a sexual act by certain types of threat or fear or to engage in a sexual act with a victim who is mentally or physically incapable. 18 U.S.C. § 2242. The Oregon statute … penalizes a broader class of behavior than the federal statute. Nonconsensual intercourse with a mentally and physically capable individual not involving a threat or the use of fear might violate [the Oregon statute] but it would not violate 18 U.S.C. § 2242.

*United States v. Cabrera Gutierrez*, 756 F.3d 1125, 1134 (9th Cir 2014).

While § 22.011 (b)(5) alone might not be enough to render § 22.011(b) sufficiently unlike the federal statute to determine they are not comparable, when coupled with § 20.011(b)(6), the two provisions render the state and federal statutes unlike. See, e.g., *Church*, 461 F.Supp.3d at 892.

## CONCLUSION

The analysis of 18 U.S.C. §§ 2241 and 2242 as compared to Texas Penal Code Ann. § 22.011 demonstrates that the Texas statute is not narrower than the federal provisions and the two are not comparable. As a result, Defendant is not a Tier III sex offender required to register in conjunction with interstate travel. His prior conviction in the state of Texas resulted in his being a Tier I offender. Therefore, Defendant did not violate 18 U.S.C. § 2250(a) and the indictment is dismissed.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss the Indictment (Doc. 28) is granted.

14

Dated this **25th** day of August, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

15